## SEARLS *v.* BOUTON and others.

*(Circuit Court, S. D. New York.* February Term, 1881.)

PATENTS FOR INVENTIONS—IMPROVEMENT IN WHIP-SOCKETS.

Letters patent No. 231,510, for an improvement in whip-sockets, adjudged valid and infringed, and that reissued letters patent No. 9,297 are null and void, having been granted by the commissioner without authority.

In Equity.

*J. P. Fitch,* for complainant.

*N. Davenport,* for defendant.

WHEELER, D. J. This cause having been heretofore heard and a decision thereupon herein rendered to the effect that, the two said letters patent on which this suit is brought to-wit, letters patent No. 231,510, dated August 24, 1880, and reissued letters patent No. 9,297, dated July 13, 1880, were valid; that complainant was the owner thereof, and that defendants had infringed them and each of them; and the case having been opened upon motion of defendants for the purpose of putting in evidence the original letters patent No. 150,195, dated April 28, 1874, of which letters patent 9,297 is a reissue, and the cause having been further brought on for hearing on the said new evidence so introduced as aforesaid under the order granting defendants' motion:

Now, after hearing J. P. Fitch, Esq., of counsel for complainant, and N. Davenport, Esq., of counsel for defendants, it is adjudged that one John M. Underwood was the original and first inventor of the improvement in whip-sockets described and claimed in letters patent No. 231,510, dated August 24, 1880, and issued to Anson Searls as assignee; that the complainant, Anson Searls, is now the exclusive owner thereof; and that the same are valid and effective in law.

It is further adjudged that the defendants have infringed the said letters patent No. 231,510 by selling whip-sockets which contained the invention described and claimed therein.

And it is ordered that a perpetual injunction issue out of and under the seal of this court, enjoining and restraining the said defendants and each of them, their and each of their agents, attorneys, clerks, carriers, servants, and workmen, from making, using, selling, or in any manner disposing of, or parting with, during the unexpired term of said letters patent No. 231,510, any whip-socket containing, embodying, or in any manner counterfeiting or imitating the invention de-

scribed in said last-mentioned letters patent, or any whip-socket like, or substantially like, those heretofore sold by the said defendants, as proved by the testimony herein.

It is further ordered and decreed that the defendants account to the complainant for all the whip-sockets made, sold, or used by them, or either of them, or their agents, attorneys, clerks, carriers, servants, or workmen, or either of them, between the twenty-fourth day of August, 1880, and the date of said accounting, which are made substantially like those described and claimed in said letters patent No. 231,510, or that contain the invention therein set forth, and for all moneys and profits received or derived by them, or either of them, from the manufacture, use, or sale thereof, and for all damages that the complainant has suffered in consequence thereof.

It is further ordered that it be referred to S. Nelson White, Esq., of the city of New York, a master of this court, to take proof, report, and state such account with all convenient dispatch, and that on the coming in and confirmation of such report the said defendants pay to the complainant all the moneys made, or profits received and damages suffered, as may be so reported, with costs from and after the date of this decree.

It is further adjudged that the aforesaid reissued letters patent No. 9,297, dated July 13, 1880, are not for the same invention as that described and claimed in the original letters patent No. 150,195, dated April 28, 1874, of which they purport to be a reissue; that the said original patent was not inoperative or invalid by reason of a defective or insufficient specification, and that the commissioner of patents had no jurisdiction or power to accept the surrender of said original letters patent No. 150,195, and to grant said reissue No. 9,297.

It is therefore decreed that the said reissued letters patent 9,297, dated July 13, 1880, are therefore null and void, and that the complainant's bill of complaint, so far as the same relates to the said reissued letters patent, be and the same hereby is dismissed.

NOTE. This case was improperly reported. *Ante,* 140. The case was opened before entry of decree, and the original letters patent, No. 150,195, introduced in evidence, and the case reargued and resubmitted, when the above decree was entered declaring reissued letters patent No. 9,297 void.

N. D.